IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 6 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| KENNETH LAWRY, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | NO. 4:19-CV-111-A |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| TRUST COMPANY, N.A. FORMERLY § | |
| KNOWN AS THE BANK OF NEW YORK § | |
| TRUST COMPANY, N.A. AS SUCCESSOR § | |
| IN INTEREST TO JPMORGAN CHASE § | |
| BANK, N.A., F/K/A JPMORGAN § | |
| CHASE BANK, AS TRUSTEE FOR MASTR § | |
| ADJUSTABLE RATE MORTGAGES § | |
| TRUST 2005-2 MORTGAGE PASS § | |
| THROUGH CERTIFICATES, SERIES § | |
| 2005-2, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, The Bank of New York Mellon Trust Company, N.A., formerly known as the Bank of New York Trust Company, N.A., as successor in interest to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as trustee for MASTR Adjustable Rate Mortgages Trust 2005-2 Mortgage Pass-Through Certificates, Series 2005-2 ("BONY"), and PNC Bank, N.A. ("PNC"), to dismiss or, in the alternative, for judgment on the pleadings. Plaintiffs, Kenneth Lawry ("Kenneth") and Clarlee Lawry ("Clarlee"), have failed to respond to the motion, which is

ripe for ruling.[1] The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On April 2, 2018, plaintiffs filed their original petition in the District Court of Tarrant County, Texas, 96th Judicial District. Doc.[2] 1. On January 7, 2019, they filed a first amended petition in the state court to enjoin and restrain a foreclosure. Id. On February 6, 2019, defendants filed their notice of removal, bringing the action before this court. Id.

By order signed March 8, 2019, the court ordered the parties to file amended pleadings in keeping with the Federal Rules of Civil Procedure, local rules of this court, and judge-specific requirements of the undersigned. Doc. 7. Plaintiffs' original attempt to comply with the order was stricken and unfiled. Doc. 11. On April 3, 2019, plaintiffs filed their amended complaint. Doc. 12.

---

[1]The court notes that plaintiffs filed a motion for leave to amend, which was stricken and unfiled for failure to comply with the undersigned's judge-specific requirements and the requirements of the Local Civil Rules of this court, but such motion did not include any response to the motion to dismiss or for judgment on the pleadings.

[2]The "Doc.__" reference is to the number of the item on the docket in this action.

Plaintiffs say that their amended complaint is "a suit to enjoin and to restrain a foreclosure sale posted under an unlawful declaration of default and acceleration of maturity of a promissory note." Doc. 12, ¶ 9. Plaintiffs allege:

On October 28, 2004, plaintiffs obtained a Texas home equity loan, executing a note and deed of trust. Doc. 12, ¶¶ 11-12. The lender assigned its rights in the note and deed of trust to BONY. Id. ¶ 13. PNC is the servicer. Id. ¶ 14. Under the heading "Declaratory Relief: Defendants Seeking More Than Is Owed," plaintiffs allege that defendants have demanded that plaintiffs pay taxes and insurance that they have already paid. Id. ¶¶ 16-20. Under the heading "Declaratory Relief: No Notice Given to Clarlee Lawry," they allege that Clarlee was not given notice of intent to accelerate the loan. Id. ¶¶ 21-23. And, under the heading "Violations of Fair Debt Collection Acts," plaintiffs say that they bring this action for injunctive relief, actual damages, and attorney's fees for each violation of Tex. Finance Code § 392.101, § 392.202, or § 392.301(a)(3), (hereinafter "TDCA"), and for violation of Subchapter E, Chapter 17, Business & Commerce Code (hereinafter "DTPA"). Id. ¶¶ 24-25.

II.

## Grounds of the Motion

Defendants urge three grounds in support of their motion. The first and second grounds argue that plaintiffs have failed to allege an underlying claim to support either request for declaratory relief. And, the third ground argues that Clarlee is not an obligor on the loan and is not entitled to notice as a matter of law.

III.

## Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of

public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. Jebaco, Inc. v. Harrah's Operating Co., 587 F.3d 314, 318 (5th Cir. 2009); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).

IV.

Analysis

Plaintiffs allege very few facts in their complaint, Doc. 12, but do rely on a number of exhibits attached thereto. Doc. 13. The exhibits reflect that Kenneth signed the home equity loan dated October 28, 2004. Doc. 13, Ex. 1. Both plaintiffs signed the deed of trust granting a lien to secure the loan. Id., Ex. 2. On October 24, 2017, BONY filed an application for expedited order under Rule 736 on a home equity loan, representing among other things that 49 regular monthly payments had not been made on the loan. Id., Ex. 4. On March 8, 2018, the District Court of Tarrant County, 48th Judicial District, issued a home equity foreclosure order allowing foreclosure to proceed, adopting the material facts alleged in the application. Id., Ex. 5.

Texas and federal law require a justiciable case or controversy in order to grant declaratory relief. Val-Com Acquisitions Tr. v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011). Without an underlying cause of action, there is no basis upon which to grant declaratory relief. Id. at 401. Thus, where all the substantive underlying claims are subject to dismissal, a claim for declaratory relief cannot survive. Santiago v. Bank of N.Y. Mellon, No. 4:18-CV-00533-ALM-CAN, 2018 WL 7138389, at *12 (E.D. Tex. Dec. 27, 2018); Endsley v. Green

Tree Servicing, LLC, No. 5:15-CV-151-RWS-CMC, 2017 WL 1856281, at *11 (E.D. Tex. Feb. 8, 2017), report and recommendation adopted, 2017 WL 1862191 (E.D. Tex. May 8, 2017)(entitlement to declaratory relief is dependent upon plaintiff first pleading a viable underlying cause of action).

Here, plaintiffs have not alleged sufficient facts to state any plausible claims. Rather, the record plaintiffs created belies any claims. The note, Doc. 13, Ex. 1, reflects that it is not signed by Clarlee. She is not an obligor and, therefore, not entitled to notice of default or notice of intent to accelerate. Smith v. JPMorgan Chase Bank, N.A., 4:15-CV-00682-ALM, 2016 WL 11472828, at *7 (E.D. Tex. Aug. 11, 2016), report and recommendation adopted, 2016 WL 4973899 (E.D. Tex. Sept. 19, 2016), aff'd, 699 F. App'x 393 (5th Cir. 2017). And, plaintiffs have not pleaded any facts to show that either defendant is a "third-party debt collector" or "credit bureau" so as to be liable for debt collection activities under the TDCA. See Cervantes v. U.S. Bank, N.A., No. 3:12-CV-0661-D, 2012 WL 1605558, at *4 (N.D. Tex. May 8, 2012); DeFranceschi v. Wells Fargo Bank, N.A., 837 F. Supp. 2d 616, 624 (N.D. Tex. 2011). Rather, they have alleged that BONY is owner of the note and PNC is servicer. Doc. 12. Further, plaintiffs have admitted that the state court entered an order authorizing foreclosure because the

note was in default. Id. None of the TDCA provisions plaintiffs cite has any relevance to this action. And, because plaintiffs do not have a claim under the TDCA, they have no DTPA claim. Leal v. Bank of N.Y. Mellon, No. C-12-265, 2012 WL 5465978, at *13 (S.D. Tex. Oct. 22, 2012). The court further notes that plaintiffs have not pleaded any facts to establish economic damages incurred by them as required to state a DTPA claim. Id.

Finally, the court notes that even had plaintiffs properly sought leave to amend, such leave would have been denied. Plaintiffs have already had an opportunity to amend and were specifically cautioned before doing so that they must comply with all pleading requirements. Doc. 7. Had they not known earlier, plaintiffs would have immediately learned upon filing of defendants' motion that their amended complaint was deficient. Yet they failed to pursue leave to amend until twenty-six days later. Doc. 18. And, the proposed second amended complaint would not have cured the deficiencies as it merely added conclusory allegations and argument. Id. When a proposed amended pleading would be futile, leave to amend is not required. Fed. R. Civ. P. 15. See Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004).

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed with prejudice.

SIGNED May 16, 2019.

_____
JOHN McBRYDE
United States District Judge